IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         CRIMINAL ACTION NO. 2:21-cr-00065

EVERETT LEE MAYNARD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *United States' Motion in Limine to Exclude Improper Nullification Evidence* (Document 35) and the Defendant's *Response to Motion in Limine* (Document 41). The United States seeks to exclude certain types of evidence that it contends would be irrelevant and offered only to seek jury nullification.

The Defendant, Everett Lee Maynard, was indicted on April 28, 2021, for a single-count Civil Rights Violation pursuant to 18 U.S.C. § 242. The indictment alleges:

> On or about October 16, 2020, at or near Logan, Logan County, West Virginia, and within the Southern District of West Virginia, the defendant, Everett Lee Maynard, while acting under color of law as a Police Officer with the Logan Police Department, physically assaulted arrestee R.W., a person known to the Grand Jury, thereby willfully depriving him of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer. The offense resulted in bodily injury to R.W.

(Indictment, Document 2.)   Trial is currently scheduled to begin November 15, 2021.

The United States seeks to exclude "bad character" evidence regarding the victim, "good character" evidence regarding the Defendant, and evidence of the Defendant's past mental health diagnoses and treatment. The Defendant agrees that his mental health history should be excluded, and the motion in limine to exclude reference to his mental health will therefore be granted as requested by both parties.

### A. The Victim's History and Character

The United States indicates that the victim in this matter has several state misdemeanor convictions, some more than ten years old, and some from within the past ten years. Those within the last ten years include "trespassing, public intoxication, municipal code violations, disorderly conduct, destruction of property, possession of a controlled substance, drinking in public, and being a pedestrian under the influence of alcohol." (U.S. Mot. at 2.) In addition, the victim has a 2003 felony conviction for forgery of a written instrument, a 2009 felony conviction for petit theft, and a 2010 arrest for burglary at nighttime with unknown conviction and incarceration dates. The United States seeks to preclude evidence or testimony regarding the victim's prior arrests or convictions. It argues that his misdemeanor convictions do not involve dishonesty or false statements, and his felony convictions are more than ten years old. Even if he was incarcerated for the burglary conviction within ten years, the United States argues that the probative value of the conviction does not substantially outweigh its prejudicial effect.

The Defendant indicates that he intends to establish that the victim was a convicted felon, but does not intend to delve more deeply into his felony convictions unless he denies his status. He further indicates that he intends to offer evidence regarding the victim's previous contacts with law enforcement on the day of the incident, which he contends is relevant to the Defendant's state of mind. He further states that he "intends to put on proof that the victim had a pertinent character

trait of resisting arrest, committing fraud and public drunkenness," which he contends is relevant to his defense that it was "the intent of the arrestee to resist arrest due to his level of intoxication." (Def.'s Resp. at 9.)

In general, "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," and "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1), Rule 404(b)(1). However, "a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may (i) offer evidence to rebut it; and (ii) offer evidence of the defendant's same trait." Fed. R. Evid. 404(a)(2)(b). Character evidence is generally limited to testimony about the person's reputation or opinion testimony, but "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."

Resisting arrest and committing fraud are "other crimes, wrongs, or acts" subject to analysis under Rule 404(b), as opposed to pertinent character traits.[1] Public drunkenness could be viewed as a character trait, depending on the nature of the evidence at issue, but it is difficult to imagine how the victim's character trait of regular intoxication is pertinent to the Defendant's alleged violation of his civil rights or the reasonableness of the force used by the Defendant. Thus, to the extent the Defendant seeks to introduce evidence of the victim's history of resisting arrest, committing fraud, or public drunkenness pursuant to Rule 404(a)(2)(b), the Court finds that the United States' motion in limine should be granted to preclude such evidence.

---

1 In his trial brief (Document 49), the Defendant indicates that he will argue in defense that "[t]his was an accidental slip and fall that led to the arrestee unfortunately getting hurt." (Def.'s Tr. Br. at 1.) None of the alleged "character traits" of the victim would be pertinent to a defense that the injuries were caused by an accidental slip and fall.

If the victim appears as a witness, evidence of a felony conviction is admissible pursuant to Rule 609, and subject to Rule 403's balancing test, if the conviction or his release from incarceration occurred less than ten years ago. Evidence of any convictions for offenses involving untruthfulness or dishonesty is likewise admissible subject to Rule 403 if the conviction or his release occurred less than ten years ago. Convictions that are more than ten years old may be admissible only if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Because the Court may better evaluate the probative value and prejudicial effect of the victim's prior convictions in context with his testimony and the evidence introduced at trial, the Court will hold the motion in abeyance to the extent the Defendant seeks to inquire as to prior convictions on cross examination in the event that the victim testifies. However, the Defendant has not set forth facts suggesting that the victim's criminal record is likely to have significant probative value to meet the strictures of Rule 403. Therefore, Counsel must request leave of the Court outside the hearing of the jury prior to asking questions regarding the victim's criminal record and neither Counsel nor the Defendant shall reference the victim's prior convictions during voir dire, opening statements, or testimony without prior leave of Court.

Should the Defendant seek to introduce evidence of the victim's history, record, or previous behavior on other grounds or for other purposes, the Court orders that Counsel request leave and describe the purpose, outside the hearing of the jury, prior to any reference to those matters, including in opening or closing statements.

### B. The Defendant's History and Character

In addition, the United States seeks to preclude evidence intended to suggest that the Defendant is of good character, such as "his military commendations and awards, previous actions

in conformity with the law, or specific acts of helpfulness or kindness toward arrestees." (U.S. Mot. at 13.)

The Defendant indicates that he does not intend to introduce evidence of military commendations, previous actions in conformity with the law, or specific acts of helpfulness or kindness. He does intend to provide basic background information including his employment history consisting of joining the United States Army during high school, serving in the Army and National Guard Reserve, and in law enforcement.

The Court finds that the motion in limine should be granted, without objection, as to evidence of military honors and specific prior acts introduced to demonstrate the Defendant's good character. If the Defendant chooses to testify, he will be permitted to briefly describe his educational and employment background. *See, e.g., United States v. Deel*, No. 1:09CR00022, 2010 WL 519836, at *1 (W.D. Va. Feb. 11, 2010) ("While military service or disability is not admissible as character evidence in this case, I will allow a defendant who testifies to give a brief and straight-forward recitation of his life history, including employment and family details, simply as background evidence for the jury's benefit to judge his credibility.")

Wherefore, after careful consideration, the Court **ORDERS** that the *United States' Motion in Limine to Exclude Improper Nullification Evidence* (Document 35) be **GRANTED in part** and **HELD IN ABEYANCE in part**, as more fully detailed herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 2, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA