IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                       CRIMINAL ACTION NO. 2:21-cr-00065

EVERETT LEE MAYNARD,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Alter, Amend or Vacate Docket # 45* (Document 51), wherein the Defendant requests that parties who are speaking, including witnesses and counsel, be relieved of the Court's requirement that all persons in the courtroom wear a mask covering the wearer's nose and mouth. He suggests that a plastic face shield would be an appropriate substitute. The Defendant's counsel further notes that he has participated in state trials in recent months with relaxed rules regarding masking without incident.

West Virginia continues to experience significant spread of the novel coronavirus, and the CDC defines Kanawha County as an area with high community transmission, with a case rate of 335.16 per 100,000 residents. Centers for Disease Control and Prevention: COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#county-view|West%20Virginia|54039|Risk|community _transmission level (last visited Nov. 2, 2021). The CDC recommends that even fully vaccinated people in an area with high community transmission wear a mask indoors in public places. Centers

1

for Disease Control and Prevention, "Interim Public Health Recommendations for Fully Vaccinated People," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html, updated October 15, 2021 (last accessed Nov. 2, 2021).  Chief Judge Thomas E. Johnston entered General Order #13 on August 2, 2021, noting the increase in cases in this district and the updated CDC guidance for vaccinated individuals.  That Order directs that all persons seeking entry into any courthouse in this District wear a mask in all common areas, and that "[m]asks must be worn by all participants during in-court proceedings unless otherwise directed by the presiding judge."  General Order # 13 at 2, In re: Face Coverings or Masks Required in Courthouses in the Southern District of West Virginia, 2:20-mc-52, Document 20 (August 2, 2021).

The Confrontation Clause contained in the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  It "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact."  *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988).  "We have never held, however, that the Confrontation Clause guarantees criminal defendants the *absolute* right to a face-to-face meeting with witnesses against them at trial."  *Maryland v. Craig*, 497 U.S. 836, 844 (1990) (emphasis in original).  "[A] defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured."  *Id.* at 850.  Like other Sixth Amendment rights, the Confrontation Clause must "be interpreted in the context of the necessities of trial and the adversary process."  *Id.*  The "central concern of the Confrontation Clause is to ensure the

reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact," accomplished through "physical presence, oath, cross-examination, and observation of demeanor by the trier of fact." *Id.* at 845–46.

Other courts have addressed concerns regarding masking during criminal jury trials, and "have repeatedly found that requiring participants at trial to wear face masks due to the COVID-19 pandemic does not violate a criminal defendant's constitutional rights." *United States v. Berglund*, No. 20CR00200SRNTNL, 2021 WL 1589548, at *1 (D. Minn. Apr. 23, 2021) (collecting cases). The Southern District of New York similarly found that the Confrontation Clause did not require that the nose and mouth of the defendant or jurors be visible, although that court's rules permitted witnesses to remove their masks during testimony. *United States v. Tagliaferro*, No. 19-CR-472 (PAC), 2021 WL 1225990, at *4 (S.D.N.Y. Mar. 31, 2021) ("In rejecting Tagliaferro's physical confrontation, cross-examination, and *voir dire* challenges, the Court is reinforced in its conclusion by the fact that Tagliaferro fails to marshal in support of his cause any ascertainable principle that is rooted in the history and tradition of the Confrontation Clause.").

In *United States v. Crittenden*, the federal judge in the Middle District of Georgia advised counsel prior to a criminal jury trial that "all persons entering the courtroom, including parties, lawyers, witnesses, jurors, and spectators" would be "required to wear masks that cover their nose and mouth." *United States v. Crittenden*, No. 4:20-CR-7 (CDL), 2020 WL 4917733, at *5 (M.D. Ga. Aug. 21, 2020). The United States suggested that witnesses wear face shields or be placed behind plexiglass shields, rather than wear masks, to alleviate any Confrontation Clause concerns.

3

*Id*. The judge found: "Under the specific circumstances presented by the global COVID-19 pandemic, the Court is satisfied that the current mask requirement does not violate the Confrontation Clause." *Id*. The court noted research finding that plastic shields and plexiglass are not as effective as face masks in reducing the spread of the novel coronavirus and found that "the mask requirement is necessary to further an important public policy: ensuring the safety of everyone in the courtroom in the midst of a unique global pandemic." *Id*. at *6. The court further found that masks presented only a slight impediment to the purposes of the Confrontation Clause, explaining:

> Here, under the Court's mask procedure, witnesses against the Defendant will be physically present in the courtroom, they will testify under oath, and Defendant will be able to have these witnesses cross-examined in the open courtroom in front of the Defendant and the jurors. The Defendant and jury will also be able to observe the witnesses' demeanor, although they will not be able to see their nose and mouth. The Court finds that this restriction does not diminish the face-to-face nature of the confrontation contemplated by the Confrontation Clause.

*Id.*

As those courts have reasoned, requiring all persons present in the courtroom to wear masks, as recommended by the CDC in reliance on scientific data regarding the spread of Covid-19, is an important public policy interest. Masks are necessary to ensure the safety of those present, as well as to protect public health more broadly by helping limit the spread of the virus. As the judge in *Crittenden* noted, face shields have not proven as effective as masks that cover the nose and mouth and seal around the wearer's face.[1] Further, people have become accustomed to

---

1 Indeed, some studies suggest that the greatest risk of spread occurs during speech, making a policy permitting people to remove masks while speaking particularly illogical. *See, e.g.*, V. Stadnytskyi, P. Anfinrud, A. Bax, *Breathing, speaking, coughing or sneezing: What drives transmission of SARS-CoV-2?*, Journal of Internal Medicine, June 8, 2021, https://onlinelibrary.wiley.com/doi/10.1111/joim.13326 (last accessed November 2, 2021) (finding that the type

conversing with masks during the past year and a half, reducing any risk that jurors or others will have difficulty assessing the demeanor of witnesses, the Defendant, or counsel due to masks. Witnesses will be present, under oath, subject to cross examination, and the Defendant and witnesses will see each other in person.  Masks cover only the nose and mouth.  Jurors and the Defendant will be able to assess tone, unusual pauses, shifting or squirming, eye contact, and body language to evaluate demeanor and credibility.  To whatever slight extent masks impinge on the Defendant's Confrontation Clause right to see a witness's full facial expressions, requiring them is justified by important public policy interests to protect the health and safety of those in the courthouse while allowing court functions to proceed during a pandemic.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion to Alter, Amend or Vacate Docket # 45* (Document 51) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 3, 2021

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

of aerosol emitting during speech is particularly susceptible to spreading the virus in closed environments, and universal masking effective at limiting transmission).